UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE FARM FIRE and CASUALTY COMPANY, a/s/o CHARLES J. AND DENISE MCCORMACK, <br><br> Plaintiffs, <br><br> v. <br><br> FLUIDMASTER, INC., <br><br> Defendant. | Civil Action No. 15-6042 <br><br><br> **NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Fluidmaster, Inc., hereby files this Notice of Removal from the Supreme Court of New York, Westchester County, to the United States District Court for the Southern District of New York. The grounds for removal are as follows:

### THE REMOVED CASE

1. The removed case is a civil action filed on June 25, 2015, in the Supreme Court of New York, Westchester County, Index No. 60919-2015 and captioned *State Farm Fire and Casualty Company a/s/o Charles J. and Denise McCormack v. Fluidmaster, Inc.* (*See* Exhibit A, Complaint.)

2. This is a claim for alleged damages arising from water damage caused by the failure of a flexible supply line at the property owned by State Farm Fire and Casualty Company's insured, Charles J. and Denise McCormack. (*See* Ex. A, ¶¶ 3-9.) State Farm asserts negligence, strict liability and breach of warranty claims against Fluidmaster Inc.

ME1 20851451v.1

**PAPERS FROM REMOVED ACTION**

3.      As required by 28 U.S.C. § 1446(a), attached as Exhibit A are copies of all process, pleadings, orders and other papers or exhibits filed in the state court.

**REMOVAL IS PROPER IN THIS CASE**

**A.    Removal is Timely and the Amount in Controversy Exceeds $75,000.**

4.      Plaintiff commenced this action on or about June 25, 2015. Fluidmaster, Inc. accepted and received service of the Complaint on or about July 8, 2015. Removal is timely because it is made within 30 days of the defendant having received the Summons and Complaint.

5.      Further, based on the allegations in the Complaint the amount in controversy, exclusive of interest and costs, exceeds $75,000, as required by 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b). (See Ex. A, ¶¶ 18, 25, 30.)

6.      Therefore, based on the damages alleged in the Complaint the amount in controversy, exclusive of interests and costs, exceeds $75,000, as required by 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b).

**B.    There Is Complete Diversity Among The Parties.**

7.      The Complaint alleges that Plaintiff State Farm Fire and Casualty Company is a foreign corporation licensed to do business in the State of New York. (*See* Ex. A ¶ 1.)

8.      Fluidmaster, Inc., is a California corporation with its principal place of business in California and, thus, is a citizen of California for purposes of determining diversity. (*See* Ex. A, ¶ 2.)

9.      Accordingly, there is complete diversity among the parties, and removal is proper under 28 U.S.C. § 1332(a)(1).

**C.    Venue And Other Requirements Are Satisfied.**

10.    The United States District Court for the Southern District of New York, includes the county in which the Action is now pending.  Thus, this Court is the proper venue for the Action pursuant to 28 U.S.C. § 1441(a).

11.    Pursuant to 28 U.S.C. § 1446(d), Fluidmaster, Inc. is filing a written notice of this removal with the Supreme Court of New York, Westchester County.  A Notice of Removal to Adverse Party, together with copies of this Notice of Removal and Notice of Filing Notice of Removal are being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

12.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon defendant Fluidmaster, Inc. are attached as Exhibit A.

**WHEREFORE**, defendant Fluidmaster, Inc. hereby removes the above-captioned action from the Supreme Court of New York, Westchester County, and requests that further proceedings be conducted in this Court as provided by law.

Dated:  August 5, 2015

                                                  Respectfully submitted,

                                     By: *s/ Renée A. Gallagher*
                                            Renée A. Gallagher
                                            **McCARTER & ENGLISH LLP**
                                            245 Park Avenue 27th Floor
                                            New York, NY 10167
                                            212-609-6808
                                            rgallagher@mccarter.com
                                            *Attorneys for Defendant Fluidmaster, Inc.*

## CERTIFICATE OF SERVICE

I certify that on July 31, 2015, I electronically filed a copy of this Notice of Removal with the Clerk of the Court using the CM/ECF system and also served a copy of this document upon Plaintiff's counsel via overnight mail at the following address:

>Virginia Markovich, Esq.
>Cozen O'Connor
>45 Broadway, 23rd Floor
>New York, NY 10006
>*Attorney for Plaintiff*

>*/s/ Renée A. Gallagher*
>Renée A. Gallagher

# EXHIBIT A

ME1 20851451v.1

FILED: WESTCHESTER COUNTY CLERK 06/25/2015 12:01 PM
NYSCEF DOC. NO. 1

INDEX NO. 60919/2015
RECEIVED NYSCEF: 06/25/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------X
STATE FARM FIRE AND CASUALTY COMPANY as
subrogee of CHARLES J. AND DENISE MCCORMACK,

                                     Plaintiff,

             -against-

FLUIDMASTER, INC.,

                                   Defendant.
-------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff Designates
**WESTCHESTER COUNTY** as
the Place of Trial

The Basis of Venue is
Place of Occurrence:
65 Heathcote Road
Yonkers, New York 10350

Plaintiff's Place of Business:
One State Farm Plaza
Bloomington, IL 61710

**TO THE ABOVE NAMED DEFENDANT:**

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within twenty (20) days of the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
          June 25, 2015

                                                  COZEN O'CONNOR
                                                Attorneys for Plaintiff
                                                State Farm Fire and Casualty Company as
                                                subrogee of Charles J. and Denise
                                                McCormack

                                           By: _____
                                                Virginia Markovich, Esq.
                                                45 Broadway, 23rd Floor
                                                New York, New York 10006
                                                (212) 453-3731

**DEFENDANT'S ADDRESS:**

FLUIDMASTER, INC.
30800 Rancho Viejo Road
San Juan Capistrano, CA 92675

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------X
STATE FARM FIRE AND CASUALTY COMPANY as Index No.:
subrogee of CHARLES J. AND DENISE MCCORMACK,

                            Plaintiff,                 **COMPLAINT**

                      -against-

FLUIDMASTER, INC.,

                        Defendant.
------------------------------------------------------------X

       Plaintiff, State Farm Fire and Casualty Company as subrogee of Charles J. and Denise McCormack by and through its attorneys, Cozen O'Connor, as and for its Complaint against defendant, Fluidmaster, Inc. allege as follows:

## PARTIES

       1.    Plaintiff, State Farm Fire and Casualty Company as subrogee of Charles J. and Denise McCormack (hereinafter "State Farm"), is a corporation duly organized and existing under the laws of the State of Illinois, with its principal place of business located at 2702 Ireland Grove Road, Bloomington, Illinois and, at all times relevant hereto, was authorized to conduct business as an insurance company in the State of New York, including the issuing of policies of insurance.

       2.    Defendant, Fluidmaster, Inc. (hereinafter "Fluidmaster") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 30800 Ranchi Viejo Road, San Juan Capistrano, California 92675.

       3.    At all times material hereto, Defendant Fluidmaster was engaged in the business of manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling,

fabricating, constructing, analyzing, distributing, servicing and selling plumbing products including toilet supply lines.

## FACTS

4. At all times material hereto, Charles J. and Denise McCormack (hereinafter "the McCormacks") owned the real and personal property located at 65 Heathcote Rd, Yonkers, New York 10350 (hereinafter "subject premises").

5. At all times material hereto, the subject premises was insured by State Farm pursuant to a policy which was in effect.

6. At all times material hereto, the subject policy insured the subject premises, including the McCormack's personal property located therein, against loss due to physical damage caused by, inter alia, water damage.

7. At all times material hereto, Defendant, Fluidmaster's plumbing products, their components and/or related parts, were regularly and continuously sold, distributed and/or placed into the stream of commerce in the State of New York.

8. On or about July 1, 2012, the toilet supply line failed and/or otherwise permitted water to leak and spread throughout the subject premises (hereinafter "subject water leak"), causing severe and substantial water damage to the McCormack's real and personal property.

9. Upon information and belief, the subject water leak was directly and proximately caused by one or more defects in the subject toilet supply line, components and/or related parts manufactured by Defendant Fluidmaster.

10. As a direct and proximate result of the subject water leak, the McCormack's sustained real and personal property damage as a result of the water leak, the fair and

reasonable value of which is an amount in excess of Three Hundred Four Thousand, Three Hundred Forth Three Dollars and 49/100 ($304,343.49).

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT
## NEGLIGENCE

11. The subject water leak, as well as the consequent severe and substantial damages sustained to the real and personal property of the McCormacks, was directly and proximately caused by the negligent acts and/or omissions, carelessness, recklessness of Defendant, Fluidmaster, by and through its employees, representatives, contractors, sub-contractors and/or agents, in failing to properly manufacture, design, assemble, compound, test, inspect, package, label, fabricate, construct, analyze, distribute, service, merchandise, recommend, warn, instruct, advertise, promote, market, and sell the subject toilet supply line, components and/or related parts.

12. At all times material hereto, Defendant Fluidmaster knew, or in the exercise of reasonable care should have known, that the subject toilet supply line, components and/or related parts were products of such a nature that if it was not properly manufactured, designed, assembled, compounded, tested, inspected, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended, warned, instructed, advertised, promoted, marketed, and sold, for the use and purpose for which it was intended, it was likely to cause property damage to the person or persons by whom it was used and for whose safety it was originally intended.

13. At all times material hereto, Defendant Fluidmaster so negligently and carelessly manufactured, designed, assembled, compounded, tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended, warned, instructed, advertised, promoted, marketed and sold the

subject toilet supply line, components and/or related parts, so that it was in a dangerous and defective condition and unsafe for the use and purpose for which it was intended, namely a residential toilet water control device.

14. The defective and dangerous character and condition of the subject toilet supply line, components and/or related parts, in that it was unsafe for the use and purpose for which it was intended when used as recommended by Defendant Fluidmaster, or in the exercise of ordinary care should have been known and discovered by Defendant Fluidmaster. Furthermore, the dangerous and defective character and condition of the subject toilet supply line, components and/or related parts, was not made known to the McCormacks.

15. The negligence in question caused the subject toilet supply line, components and/or related parts to fail, resulting in water damage to the subject premises.

16. As a result of the foregoing water leak, Plaintiff's insureds sustained substantial damages to their real and personal property.

17. Following the foregoing water leak, Plaintiff's insureds submitted a claim to the Plaintiff for, inter alia, loss and damage to their real and personal property.

18. As a result of the foregoing water damage, and pursuant to its obligations under its policy of insurance, Plaintiff State Farm paid its insureds, the McCormacks an amount in excess of Three Hundred Four Thousand, Three Hundred Forty Three Dollars and 49/100 ($304,343.49) for the damages and losses sustained and is therefore, entitled to recover the same amount in this action pursuant to its legal and equitable rights of subrogation.

**WHEREFORE**, Plaintiff, State Farm demand judgment against Defendant, Fluidmaster, Inc. in an amount in excess of Three Hundred Four Thousand, Three Hundred Forty Three

...

Dollars and 49/100 ($304,343.49) together with interest, the costs of this action, and such other and further relief as the Court may deem just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT
## STRICT PRODUCT LIABILITY

19. Plaintiff fully incorporates by reference all of the allegations contained in paragraphs One (1) through Eighteen (18) above, as though fully set forth at length herein.

20. The subject water leak and the resulting severe and substantial damages sustained by the McCormacks for which Defendant, Fluidmaster is strictly liable, were directly and proximately caused by the improper and/or defective design, manufacture and/or assembly of the subject toilet supply line, components and/or related parts manufactured, assembled, sold and/or distributed by Defendant, Fluidmaster.

21. Upon information and belief, the improper and/or defective design, manufacture and/or assembly of the subject toilet supply line, components and/or related parts manufactured, assembled, sold and/or distributed by Defendant, Fluidmaster directly and proximately created a dangerous condition in the subject premises that posed an unreasonable risk of harm to the subject premises.

22. Upon information and belief, the subject toilet supply line, components and/or related parts were designed, manufactured, assembled, distributed, sold and/or otherwise placed into the stream of commerce by Defendant, Fluidmaster and as such, Defendant, Fluidmaster is strictly liable to the McCormacks under the laws of the State of New York and under the principles set forth in Section 402A of the Restatement of Torts, 2d.

23. Upon information and belief, Defendant, Fluidmaster knew or reasonably should have known that the aforementioned improper and/or defective design, manufacture and/or

assembly of the subject toilet supply line, components and/or related parts manufactured by Defendant, Fluidmaster were unreasonably dangerous products which exposed members of the public and the McCormack's property to an unreasonable risk of harm of damage by water.

24. In distributing and/or otherwise placing into the stream of commerce the subject toilet supply line, components and/or related parts, Defendant, Fluidmaster proximately caused plaintiffs damages and should be held strictly liable for same.

25. As a direct and proximate result of the aforesaid strict liability producing acts and/or omissions, carelessness, and/or recklessness of Defendant, Fluidmaster by and through its employees, representatives, contractors, sub-contractors, and/or agents, the McCormacks sustained real and personal property damages, the fair and reasonable value of which is in excess of Three Hundred Four Thousand, Three Hundred Forth Three Dollars and 49/100 ($304,343.49).

**WHEREFORE**, Plaintiff, State Farm demands judgment against Defendant, Fluidmaster, Inc. in an amount in excess of Three Hundred Four Thousand, Three Hundred Forty Three Dollars and 49/100 ($304,343.49) together with interest, the costs of this action, and such other and further relief as the Court may deem just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT
## BREACH OF WARRANTY

26. Plaintiff fully incorporates by reference all of the allegations contained in paragraphs One (1) through Twenty five (25) above, as though fully set forth at length herein.

27. Defendant Fluidmaster expressly and impliedly warranted that its toilet supply line and/or its related and/or component parts was merchantable and fit for its intended use and purpose.

28. Defendant Fluidmaster failed to design and manufacture the subject toilet supply line and/or its related and/or component parts without known and dangerous defects and placed the defective product into the stream of commerce.

29. Defendant Fluidmaster breached its express and implied warranties.

30. As a direct and proximate result of the aforesaid breach of warranty by Defendant, Fluidmaster, by and through its employees, representatives, contractors, sub-contractors, and/or agents, the McCormacks sustained real and personal property damages, the fair and reasonable value of which is in excess of Three Hundred Four Thousand, Three Hundred Forty Three Dollars and 49/100 ($304,343.49).

**WHEREFORE**, Plaintiff, State Farm, demands judgment against Defendant, Fluidmaster in an amount in excess of Three Hundred Four Thousand, Three Hundred Forty Three Dollars and 49/100 ($304,343.49), together with interest, the costs of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 25, 2015

        COZEN O'CONNOR
        Attorneys for Plaintiff
        State Farm Fire and Casualty Company as
        subrogee of Charles J. and Denise
        McCormack

By: _____

        Virginia Markovich, Esq.
        45 Broadway, 23rd Floor
        New York, New York 10006
        (212) 453-3731

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---------------------------------------------------------------x
State Farm Fire and Casualty Company a/s/o
Charles J. and Denise McCormack
                    Plaintiff/Petitioner,

    - against -                           Index No. 60919/2015

Fluidmaster, Inc.

                    Defendant/Respondent.
---------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by the filing of the accompanying documents with the County Clerk via the New York State Courts Electronic Filing System ("NYSCEF"), is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

Counsel and/or parties must either: 1) immediately record their representation within the e-filed matter on the Consent/Represent page in NYSCEF; or 2) file the Notice of Opt-Out form to claim one of the limited exemptions from mandatory e-filing (see below). Failure to record representation may result in an inability to receive electronic notice of any document filings. Claiming an exemption will require the exempt party to serve and be served with hard copy documents.

Counsel and unrepresented parties who intend to participate in e-filing must first create a NYSCEF account and obtain a user ID and password. For additional information about electronic filing, and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov; mailing address: 60 Centre Street, New York, New York 10007).

Exemptions from mandatory e-filing (Section 202.5-bb(e)) are limited to:

1) attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements; and

2) parties who expect to represent themselves and who choose not to participate in e-filing. (Such parties are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action is pending.)

Dated: 6/29/15

_____ (Signature)     45 Broadway, 23rd Floor (Address)

Virginia Markovich, Esq. (Name)     New York, NY 10006

Cozen O'Connor (Firm Name)     212-453-3731 (Phone)

To:    Fluidmaster, Inc.     vmarkovich@cozen.com (E-Mail)

       30800 Rancho Viejo Road

       San Juan, Capistrano, CA 92675

3/30/15